UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**EDWARD J. CRONIN,**

      Plaintiff,

v.                                                 Case 2:10-cv-02441-JDB-cgc

**POAG & McEWEN LIFESTYLE
CENTERS, LLC,** a Delaware limited
liability corporation, and **POAG &
McEWEN LIFESTYLE SHOPPING
CENTERS, LLC,** a Delaware limited
liability corporation,

      Defendants.

---

**ORDER DENYING MOTION TO INTERVENE AND
DENYING AS MOOT MOTION TO UNSEAL DOCUMENTS**

---

Before the Court is Non-Parties McWhinney Holding Company, LLLP and McWhinney Centerra Lifestyle Center, LLC's (collectively, "Proposed Intervenors") Motion to Intervene and Unseal Documents. (Docket Entry "D.E." #122). The Motion was referred to the United States Magistrate Judge for determination. (D.E. #123). For the reasons set forth herein, Proposed Intervenors' Motion to Intervene is DENIED and Motion to Unseal Documents is DENIED as MOOT.

**I.    Introduction**

On June 9, 2010, Plaintiff Edward J. Cronin ("Cronin") filed a Complaint against Defendants Poag & McEwen Lifestyle Centers, LLC ("P&M Lifestyle") and Poag & McEwen Lifestyle Shopping Centers, LLC ("P&M Shopping") (collectively "Poag & McEwen") in this Court, which was subsequently amended on April 22, 2011 and September 15, 2011, alleging

1

breach of contract. On November 30, 2010, the parties filed a Joint Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure "regarding confidential information exchanged during discovery, such as confidential business and financial information not made available to the general public." (D.E. #11). The District Court granted the motion on November 30, 2010 "in order to expedite discovery and to protect the confidential and sensitive nature of many of the documents involved in this case." (D.E. #12) The Agreed Joint Protective Order ("Protective Order") set forth that "[d]eposition transcripts or exhibits, discovery responses, documents, things or information produced in this case shall be deemed 'Confidential Records' and maintained in confidential status subject to the provisions of this Order. Any Confidential Records filed with the Court, shall be filed under seal." It provided that Confidential Records "shall only be used solely for the prosecution and defense of the claims in this action" and detailed how they should be handled during and after the litigation.

In addition to the Protective Order, Poag & McEwen filed an Unopposed Motion to Seal its Memorandum of Law and Exhibits in Support of its Motion for Summary Judgment, along with ten exhibits, on April 18, 2011 (D.E. #65), which the District Court granted (D.E. #67). Poag & McEwen asserted that the exhibits would contain "sensitive and confidential financial and strategic business information related to Poag & McEwen, a closely held LLC, its non party lenders and business partners, related to loans, other financial matters, creditworthiness and financial standing, as well as facts relating to Poag & McEwen's confidential strategic business planning." Poag & McEwen further argued that "public disclosure of these financial and strategic business facts and information would substantially impair Poag & McEwen and its business dealings within the community and impair its business activities in the very competitive real estate development business in the Memphis [area] and beyond." Poag & McEwen acknowledged that

the Court, "in its discretion must balance the public's right to unfettered access to the legal process with the potential harm to the litigants should the information be made public." Yet, Poag & McEwen continued to assert that "documents relating to its loans and financing agreements with non parties to the lawsuit, as well as documents and information addressing its strategic business plans and actions associated with its particular development projects . . . would prejudice Poag & McEwen, and be irreparably harmful to its business and marketing efforts, and its members, including [Cronin], in the highly competitive real estate development business."

Cronin also filed an Unopposed Motion to file his Response to Defendants' Motion for Summary Judgment and Exhibits Under Seal (D.E. #75), which the District Court granted (D.E. #78). Cronin acknowledged Poag & McEwen's bases for requesting that their Motion for Summary Judgment and Exhibits be filed under seal and, for the sole purposes of their motion, also moved to file his Response under seal. Further, Cronin stated that "both counts of Defendants' Motion for Summary Judgment relate, in part, to a certain Separation Agreement and Release signed by the parties which itself contains a confidentiality provision." Thus, "[c]ognizant of his contractual duty, Plaintiff respectfully asserts that both the document itself and Plaintiff's arguments related thereto should be filed under seal."

Ultimately, the following documents were filed under seal: Poag & McEwen's Motion for Summary Judgment, including its Memorandum and Exhibits thereto (D.E. #63); a document with the description "Exhibit A, Report of Ronald Roberts" (D.E. #71), filed by Poag & McEwen; Cronin's Response to Poag & McEwen's Motion for Summary Judgment, including its Exhibits (D.E. #79); Poag & McEwen's Reply to Cronin's Response to its Motion for Summary Judgment, including its Exhibits (D.E. #87); and, Cronin's Sur-Reply to Poag & McEwen's Reply, including

3

its Exhibits (D.E. #97). On April 20, 2012, a Joint Stipulation of Dismissal was entered in the case. On April 26, 2012, a Judgment was entered dismissing the case with prejudice.

Approximately six years later, Proposed Intervenors filed the instant Motion for the sole and limited purpose of requesting that the Court unseal Docket Entries 71, 79, 87, and 97.[1] Proposed Intervenors seek these documents, which they believe to be "financial business information," because they assert they are relevant to disputed issues to be adjudicated at an upcoming trial in Colorado state court. Proposed Intervenors assert standing as members of the public who have a right to access court records and proceedings. Proposed Intervenors argue that, while this Court allowed the documents to be filed under seal based upon the Protective Order, it never had the occasion to address whether the strong presumption in favor of public access was met and that, as their challenge will demonstrate, it is not.

In Response, Poag & McEwen assert that Proposed Intervenors' Motion is an untimely collateral attack on the Court's Protective Order brought for the improper purpose of skirting the Colorado court's discovery orders. Poag & McEwen further argue that this Court's Protective Order expressly prohibits what Proposed Intervenors request in that it requires Confidential Records to be used solely for the prosecution and defense of the claims in this action, that Confidential Records shall not be removed from counsel's offices for purposes unrelated to this litigation, that Confidential Records shall not be provided or disclosed to attorneys, parties, witnesses or expert witnesses involved in other litigation against either party, and that the Protective Order "shall continue in effect after the termination of the above-captioned action, including appeals." (Protective Order ¶¶ 2, 4, 8).

---

1 Intervenors also seek to unseal Docket Entries 66, 80, 98, and 102; however, these entries are not sealed. Docket Entries 66, 80, and 98 are Notices of Correction for the Certificates of Service to Docket Entries 63, 79, and 97. Docket Entry 102 is Poag & McEwen's filing of supplemental authority in support of its motion for summary judgment and contains citations to four unpublished cases but no documents.

4

Proposed Intervenors' Reply sets forth that Poag & McEwen mischaracterizes and misconstrues their Motion and attempts to infuse irrelevant facts. First, Proposed Intervenors claim that Poag & McEwen do not address the distinction between the legal standard for the issuance of a discovery protective order versus a sealing order. Second, Proposed Intervenors assert that constitutional right of public access to court records does not depend upon another court's discovery orders. Third, Proposed Intervenors argue that they are not pursuing a collateral attack but have standing as a matter of law to intervene for this specific purpose. Finally, Proposed Intervenors claim that their motion is timely, that Defendant entities are entirely defunct, and that there is no harm to their business interests in publicly revealing the documents filed with the Court.

## II. ANALYSIS

Rule 24(b) of the Federal Rules of Civil Procedure states that, on *timely* motion, the court may permit anyone to intervene who has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). "The threshold determination of whether a motion is timely is a matter within the sound discretion of the trial court." *Bradley v. Milliken*, 828 F.2d 1186, 1193 (6th Cir. 1987) (citing *NAACP v. New York*, 413 U.S. 345, 365-66 (1973)). There are five factors which are "particularly probative" in determining whether intervention is timely: (1) the purpose for which intervention is sought; (2) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of his interest in the case; (3) the prejudice to the original parties due to the proposed intervenor's failure after he knew of or reasonably should have known of his interest in the case promptly to apply for intervention; (4) the existence of unusual circumstances militating against or in favor of intervention; and, (5) the point to which the suit has

progressed. *Stott v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982) (citing *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)).[2]

Here, it has been approximately six years after the judgment was entered until the instant Motion was filed. As to the length of time preceding the application for intervention, the Colorado litigation was filed May 27, 2011. Proposed Intervenors state in their Motion that it was unbeknownst to them "until recently" that the Colorado litigation "involves many of the same factual allegations" that Cronin made against Poag & McEwen in this Court; however, as Poag & McEwen note, neither the Complaint, the Amended Complaint, nor the Second Amended Complaint in this case were filed under seal, and all three pleadings have been publically available since the dates of their filing. Specifically, the Complaint and Amended Complaint have been publically available throughout the entire pendency of the Colorado case, and the Second Amended Complaint was publically available for more than five-and-a-half years before the instant Motion was filed. Although Proposed Intervenors aver that they did not know about this case until an unspecified recent date, this Court cannot conclude that they should not have reasonably known about it, as parties are held to have constructive knowledge of publically available documents, including court filings. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908, 912 (6th Cir. 2010) (citing cases). Thus, the Court finds that this factor weighs very heavily against permitting intervention.

As to the prejudice to the original parties due to the proposed intervenor's failure after they knew of or reasonably should have known of their interest in the case to promptly apply for intervention, it is not readily ascertainable whether the prejudice has worsened or lessened by the

---

2 Proposed Intervenors assert that this five-factor test should not apply to requests for permissive intervention under Rule 24(b); however, neither the *Retarded Citizens* court nor the *Stotts* court make such a distinction and mention both permissive interventions and interventions as of right in their discussions of the five-factor test. 679 F.2d at 582; 657 F.2d at 105.

passing of time; however, regardless of the temporal factor, this Court already determined in its prior orders that these documents should be sealed from public view due to their contents. Thus, the Court again finds that those prior orders alone demonstrate that the original parties would suffer significant and undue prejudice should Proposed Intervenors be permitted to intervene.

As to the purpose for which intervention is sought, Proposed Intervenors assert that they believe they are being denied public access to court proceedings and records, which is certainly a fundamental cornerstone of the judicial system. *See Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983); *Richmond Newspapers v. Virginia*, 448 U.S. 555, 575 (1980). Proposed Intervenors additionally argue that this Court never considered whether these documents should be filed under seal but instead only entered the Protective Order so that the parties could exchange the documents confidentially for discovery purposes. However, the Court's August 18, 2011 and September 15, 2011 Orders did specifically order the documents filed at Docket Entries 63 and 79 to be filed under seal. Further, while the parties did not file other specific motions pertaining to Docket Entries 71, 87, and 97, these are related to the filings at Docket Entries 63 and 79 that the Court specifically permitted to be sealed. Ultimately, the Court's own Order on Poag & McEwen's Motion for Summary Judgment was filed under seal on March 31, 2012 (D.E. #111), evidencing yet again the Court's clear determination that the documents filed by the parties met the criteria to be sealed. Thus, the Court finds that this factor also weighs heavily against permitting intervention. The Court also does not find any other unusual circumstances militating against or in favor of intervention.

In conclusion, based upon the five factors that this Court must consider in determining whether Proposed Intervenors have filed a timely Motion to Intervene, the Court concludes that

they have not. Thus, the Court denies their request to intervene and finds their request to unseal the aforementioned records to be moot.

### III. CONCLUSION

Accordingly, for the reasons set forth herein, Proposed Intervenors' Motion to Intervene is DENIED, and Proposed Intervenors' Motion to Unseal is DENIED as MOOT.

IT IS SO ORDERED this 13th day of June, 2017.

                                             s/ Charmiane G. Claxton
                                             CHARMIANE G. CLAXTON
                                             UNITED STATES MAGISTRATE JUDGE